NMA:JMK
F.#2011R00002

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **DEC 1 4 2011** ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

   - against -

PATRICK CICALESE,
ROCCO FERRANDINO,
ROBERT MORENO and
MANUEL SALGADO,

          Defendants.

- - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-00027 (S-1)(ENV)
(T. 18, U.S.C., §§
981(a)(1)(C), 1001(a)(2),
1512(c)(2), 1623(a) and
3551 et seq., T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Obstruction of Justice)

     1.   On or about November 18, 2009, within the Eastern
District of New York and elsewhere, the defendant ROBERT MORENO
did knowingly, intentionally and corruptly attempt to obstruct,
influence and impede an official proceeding, to wit: a proceeding
before a Federal grand jury in the Eastern District of New York.

     (Title 18, United States Code, Sections 1512(c)(2) and
3551 et seq.)

COUNT TWO
(Perjury)

     2.   On or about November 18, 2009, within the Eastern
District of New York, the defendant ROBERT MORENO, while under
oath in a proceeding before a grand jury of the United States, to
wit: a Federal grand jury in the Eastern District of New York,

did knowingly and intentionally make a false material declaration as set forth below:

> Q:    Has [Nunzio] LaGrasso ever asked you to cover for an employee who was not at work?
>
> A:    No.
>
> (Transcript, page 55, lines 21 through 24)

3.    The testimony identified above by the defendant ROBERT MORENO, as he then and there well knew and believed, was false in that, on or about October 19, 2009, during a call intercepted pursuant to court-authorized wiretapping, Nunzio LaGrasso, the Vice President of International Longshoremen's Association ("ILA") Local 1478, asked the defendant ROBERT MORENO, a shop steward at ILA Local 1478, to "cover up" for an ILA Local 1478 member who was not at work.

(Title 18, United States Code, Sections 1623(a) and 3551 et seq.)

## COUNT THREE
(Obstruction of Justice)

4.    On or about January 28, 2010, within the Eastern District of New York and elsewhere, the defendant PATRICK CICALESE did knowingly, intentionally and corruptly attempt to obstruct, influence and impede an official proceeding, to wit: a

2

proceeding before a Federal grand jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

### COUNT FOUR
(Perjury)

5.    On or about January 28, 2010, within the Eastern District of New York, the defendant PATRICK CICALESE, while under oath in a proceeding before a grand jury of the United States, to wit: a Federal grand jury in the Eastern District of New York, did knowingly and intentionally make a false material declaration as set forth below:

> Q:    Have you ever arranged a meeting with Stephen Depiro to run things by him?
>
> A:    No.

(Transcript, page 42, lines 13 through 15)

6.    The testimony identified above by the defendant PATRICK CICALESE, as he then and there well knew and believed, was false in that, on or about November 8, 2009, during a call intercepted pursuant to court-authorized wiretapping, the defendant PATRICK CICALESE arranged a meeting with Stephen Depiro, a member of the Genovese organized crime family of La Cosa Nostra, to "run a few things" by him.

(Title 18, United States Code, Sections 1623(a) and 3551 et seq.)

3

## COUNT FIVE
### (Obstruction of Justice)

7.   On or about March 25, 2010, within the Eastern
District of New York and elsewhere, the defendant ROCCO
FERRANDINO did knowingly, intentionally and corruptly attempt to
obstruct, influence and impede an official proceeding, to wit: a
proceeding before a Federal grand jury in the Eastern District of
New York.

(Title 18, United States Code, Sections 1512(c)(2) and
3551 et seq.)

## COUNT SIX
### (False Statement)

8.   On or about March 25, 2010, within the Eastern
District of New York, the defendant ROCCO FERRANDINO did
knowingly and willfully make a materially false, fictitious and
fraudulent statement and representation in a matter within the
jurisdiction of the executive branch of the Government of the
United States, to wit: the Federal Bureau of Investigation
("FBI"), in that FERRANDINO stated and represented to Special
Agents of the FBI that he never collected money from any union
members who had received a container royalty check, when, in
fact, as the defendant then and there well knew and believed, he
had collected money from a union member who had received a

4

container royalty check, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in or about 2008.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT SEVEN
### (Obstruction of Justice)

9.    On or about April 8, 2010, within the Eastern District of New York and elsewhere, the defendant MANUEL SALGADO did knowingly, intentionally and corruptly attempt to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

## COUNT EIGHT
### (Perjury)

10.    On or about April 8, 2010, within the Eastern District of New York, the defendant MANUEL SALGADO, while under oath in a proceeding before a grand jury of the United States, to wit: a Federal grand jury in the Eastern District of New York, did knowingly and intentionally make a false material declaration as set forth below:

> Q:    So it is your testimony, sir, under oath before this grand jury that you never had a conversation with anyone about paying money around Christmas on the port?
>
> A:    That's correct.
>
> (Transcript, page 45, lines 4 through 8)

11.   The testimony identified above by the defendant MANUEL SALGADO, as he then and there well knew and believed, was false in that MANUEL SALGADO, a member of ILA Local 1235, had a conversation with one or more members of ILA Local 1235 in or about December 2008 about paying money to other union members around Christmas.

(Title 18, United States Code, Sections 1623(a) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

12.   The United States hereby gives notice to the defendants charged in Count One, Count Three, Count Five and Count Seven that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any such offense.

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

6

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

7

F.#2011R00002

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*PATRICK CICALESE, ROCCO FERRANDINO, ROBERT MORENO and MANUEL SALGADO,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1001(a)(2), 1512(c)(2), 1623(a) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., §2461(c))

*A true bill.*

_____   *J. H. Thomas*
                                                                      *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

                                                                      *Clerk*

*Bail, $* _____

_____

*Jacquelyn M. Kasulis, Assistant U.S. Attorney, (718) 254-6103*